*United States v. Gonzalez*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of August, two thousand twenty-five.

PRESENT:
> PIERRE N. LEVAL,
> RICHARD C. WESLEY,
> RICHARD J. SULLIVAN,
> > Circuit *Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                        No. 24-1539

RICO GONZALEZ,

> *Defendant-Appellant*.

---

For Defendant-Appellant:    Edward S. Zas, Federal Defenders of New York, New York, NY.

For Appellee:    Jun Xiang, Nathan Rehn, Ashley C. Nicolas, Assistant United States Attorneys, *for* Edward Y. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Mary Kay Vyskocil, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 21, 2024 judgment of the district court is **AFFIRMED**.

Rico Gonzalez appeals from a judgment of conviction following his guilty plea to one count of unlawfully possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and one count of distributing and possessing with intent to distribute narcotics, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C), for which he is serving an aggregate sentence of 96 months' imprisonment, to be followed by three years' supervised release. We assume the

parties' familiarity with the underlying facts, procedural history, and issues on appeal.[1]

Gonzalez's sole argument on appeal is that the district court erred in denying his motion to dismiss the felon-in-possession count, which he contends violates the Second Amendment in light of the Supreme Court's ruling in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). Specifically, Gonzalez argues that section 922(g)(1)'s prohibition of felon-gun ownership is facially unconstitutional as it is directly at odds with the text of the Second Amendment and not rooted in the historical tradition of firearm regulation in the United States. In the alternative, Gonzalez contends that section 922(g)(1) is unconstitutional as applied to him because his previous felony convictions were not for crimes against another person. We disagree.

Our recent decision in *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025), makes clear that Gonzalez's facial and as-applied challenges must fail. We previously held that section 922(g)(1) is facially constitutional. *See United States v. Bogle*, 717

---

[1] Gonzalez's plea agreement contained an appeal waiver, but the government does not assert that waiver bars his challenge here to the constitutionality of section 922(g)(1). Because it is well-established that "the [g]overnment can waive the waiver point," we need not address whether Gonzalez's appeal waiver bars this challenge and thus proceed to addressing the merits of his claim. *United States v. Eldridge*, 2 F.4th 27, 36 n.11 (2d Cir. 2021) (internal quotation marks omitted), *vacated on other grounds by* 142 S. Ct. 2863 (2022).

F.3d 281, 281–82 (2d Cir. 2013). We then expressly reaffirmed that holding in

*Zherka* despite the Supreme Court's intervening decision in *Bruen*. *See Zherka*, 140

F.4th at 75 ("Our holding in *Bogle* survives *Bruen*."). We also rejected the

argument that section 922(g)(1) is unconstitutional as applied to persons who have

only been convicted of nonviolent felonies, explaining that "the Second

Amendment does not bar Congress from passing laws that disarm convicted

felons, regardless of whether the crime of conviction is nonviolent." *Id.* at 93. In

light of these express holdings, we cannot say the district court erred in denying

Gonzalez's motion to dismiss the indictment. In fact, Gonzalez acknowledges in

his supplemental brief that "*Zherka* forecloses . . . the sole claim he raises on this

appeal – that [section] 922(g)(1) is unconstitutional on its face and as applied to

him." Doc. No. 33 at 1. Accordingly, Gonzalez's challenges to the

constitutionality of section 922(g)(1) fail.

*     *     *

We have considered Gonzalez's remaining arguments and find them to be

without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4